UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH A SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EQUINOX HOLDINGS, INC., et al.,<br><br>　　　　　Defendants. | Case No.  14-cv-00846-LB<br><br>**ORDER QUASHING SUBPOENA**<br><br>(ECF No. 44) |

### STATEMENT

This is an employment case in which the plaintiff's nine causes of action charge the defendant with violating various labor laws. (Compl. – ECF No. 1-1.)[1] The plaintiff claims that the defendant fired him after he blew the whistle on those alleged violations; the defendant claims that the plaintiff was fired for violating a "variety" of corporate policies. (Jt. Ltr. Br. – ECF No. 44 at 1-2.) Among other things, the plaintiff seeks damages for the "emotional distress, humiliation, embarrassment, and mental anguish" that the defendant allegedly caused him. (*Id.* at 22 (¶¶ 94, 97), 27 (¶ 11).) The alleged emotional-distress damages are tied to the claims for wrongful termination and defamation or libel. (*Id.*)

///

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER QUASHING SUBPOENA – 14-846 LB

The defendant has subpoenaed the plaintiff's "treating psychiatrist" to produce the following:

> Any and all DOCUMENTS and records pertaining to the care, treatment, and examination of PLAINTIFF, including but not limited to, doctors' reports, nurses' notes, licensed clinical social workers' reports and notes, progress notes, inpatient and outpatient charts and records, medical, neurological, psychiatric, and mental health records, emergency room and lab reports, and any other records pertaining to PLAINTIFF from July 2008 to and including the present.

(ECF No. 44 at 1.)

Citing California's psychotherapist-patient privilege (Cal. Evid. Code § 1014), and constitutional right to privacy (Cal. Const. art. I, § 1), the plaintiff seeks to quash the subpoena. He argues (in sum) that because he claims only "garden variety" emotional distress, and disavows recovery for "severe" psychological harm (among other things), he has not put his mental health in issue so as to waive the privilege or his right to privacy. (ECF No. 44 at 2-3.) The defendant counters that, especially by claiming that ongoing emotional distress kept him from finding another job, the plaintiff alleges more than "garden variety" emotional distress, has put his mental condition squarely in issue, and thus has waived any right to shield his psychiatric medical records from discovery. (*See id.* at 3-6.)

## ANALYSIS

Under Federal Rule of Civil Procedure 45(a)(1)(C), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C). The subpoena may command the production of documents that are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

### I. LEGAL STANDARD

This is a diversity case (ECF No. 1 at 3-5, ¶¶ 7-16), so state-law privilege rules apply. *See* Fed. R. Evid. 501. Confidential communications between a patient and her psychotherapist are

privileged under California law. Cal. Evid. Code § 1014. But there is no privilege "as to a communication relevant to an issue concerning the mental or emotional condition of the patient if such issue has been tendered by . . . the patient[.]" Cal. Evid. Code § 1016. "[S]ection 1016 of the Evidence Code compels disclosure of only those matters which the patent himself has chosen to reveal by tendering them in litigation." *In re Lifschutz*, 2 Cal. 3d 415, 426 (1970). This patient-litigant exception "allows only a limited inquiry into the confidences of the psychotherapist-patient relationship, compelling disclosure of only those matters directly relevant to the nature of the specific 'emotional or mental' condition which the patient has voluntarily disclosed and tendered in his pleadings or in answer to discovery inquiries." *Id.* at 431; *see also Vinson v. Super. Ct.*, 43 Cal. 3d 833, 838 (1987) ("[A] party who chooses to allege that he has mental and emotional difficulties can hardly deny his mental state is in controversy.").

California's constitution bestows a broad right of privacy. *See* Cal. Const. art. I, § 1; *El Dorado Sav. & Loan Ass'n v. Super. Ct.*, 190 Cal. App. 3d 342, 345 (1987). This right is "interrelated" with, but is "broader" than the psychotherapist-patient privilege; the latter has been called "one aspect of the [constitutional] right of privacy." *Davis v. Super. Ct.*, 7 Cal. App. 4th 1008, 1013 (1992). The privacy right extends to discovery proceedings in civil actions. *See San Diego Trolley, Inc. v. Super. Ct.*, 87 Cal. App. 4th 1083 (2001). The right to privacy is not absolute; it may be abridged to accommodate a compelling public interest. *Moskowitz v. Super. Ct.*, 137 Cal. App. 3d 313, 316 (1980). "One such interest, evidenced by California's broad discovery statutes, is 'the historically important state interest in facilitating the ascertainment of truth in connection with legal proceedings.'" *Id.* (quoting *Britt v. Super. Ct.*, 20 Cal. 3d 844, 857 (1978)).

A plaintiff does not put his mental condition at issue, however, through a "simple . . . harassment claim asking compensation for having to endure an oppressive work environment or for wages lost following an unjust dismissal . . . . To hold otherwise would mean that every person who brings such a suit implicitly asserts he or she is mentally unstable, obviously an untenable proposition." *Vinson*, 43 Cal. 3d at 840. More generally, a plaintiff who brings only a "garden variety" claim for emotional distress waives neither the evidentiary privilege nor her right to

privacy under California law. *See Davis*, 7 Cal. App. 4th at 1017 ("garden variety" personal-injury action alleging general damages, including mental suffering, did not put plaintiff's mental state at issue); *see also EEOC v. Serramonte*, 237 F.R.D. 220, 224-25 (N.D. Cal. 2006) (psychotherapist-patient privilege was not waived under California law where plaintiff brought only "garden-variety" claim for emotional distress and did not intend to rely on records or on testimony by a medical or psychiatric expert to support its claim). The "Supreme Court [of California] has recognized that the extent to which a mental component [of injury] may be in issue in a particular suit depends upon the facts of a particular case." *Davis*, 7 Cal. App. 4th at 1016 (citing *Roberts v. Super. Ct.*, 9 Cal.3d 330, 338-39 (1973)).

**II. APPLICATION**

Precedent indicates that Mr. Smith's allegations fall within the range of normal emotional distress incident to a more or less extrinsic underlying wrong — here, the claims for wrongful termination and defamation or libel. Such allegations do not put Mr. Smith's mental health sufficiently in issue to breach the psychotherapist-patient privilege or constitutional right to privacy. Significant here, in view of the case law, are Mr. Smith's express qualifications and disavowals concerning his claimed emotional distress. He writes that he "is seeking only garden[-]variety emotional[-]distress damages." (ECF No. 44 at 3.) More important, he adds:

- Plaintiff has not brought a claim for intentional or negligent infliction of emotional distress.

- Plaintiff's emotional distress pertains to his claim of wrongful termination in violation of public policy.

- Plaintiff does not allege a specific mental or psychiatric injury or disorder.

- Plaintiff's Complaint does not allege unusually severe emotional distress damages.

- Plaintiff does not intend to offer medical records, medical testimony, or expert testimony to support a claim of emotional distress.

- Plaintiff does not intend to claim any medical damages as a result of Defendants' actions.

(*Id.*) To further secure his claims of privilege and privacy, he urges that his complaint "be interpreted to allege that he suffered only the suffering and loss an ordinary person would likely

ORDER QUASHING SUBPOENA – 14-846 LB           4

experience in similar circumstances." (*Id.*) These qualifications are plainly meant to cabin Mr. Smith's emotional-distress allegations within the recognized bounds of the privilege and privacy right. *See, e.g., Serramonte*, 237 F.R.D. at 222-24; *Verma v. Am. Express*, 2009 WL 1468720, *2 (N.D. Cal. May 26, 2009) (allowing plaintiff to limit initial claim of "extreme and enduring" emotional harm to only "garden variety" emotional distress so as to remain within the privilege).

The plaintiff's mental condition was more pointedly in issue in the workplace-harassment case of *Serramonte*, *supra*, and yet, citing the plaintiff's constitutional right to privacy, the district court quashed a subpoena to produce her medical records. *Serramonte*, 237 F.R.D. at 222-24. The *Serramonte* plaintiff alleged "sexual harassment by fellow employees and supervisors and ask[ed] the court to compensate her for 'emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation.'" *Id.* at 222. Nevertheless, the *Serramonte* court refused to enforce a subpoena for her medical records. *Id.* at 222-24. That court wrote:

> [T]he plaintiff has not brought a claim for either intentional or negligent infliction of emotional distress; she does not allege that she suffered a psychiatric injury or disorder as a result of the defendants' conduct; she does not claim to suffer from unusually severe emotional distress; and she does not intend to offer expert testimony regarding her emotional distress. Rather, she merely claims damages for emotional distress which she says she suffered as a result of defendants' actions as alleged in the complaint. The mental suffering Plaintiff claims "does not exceed the suffering and loss an ordinary person would likely experience in similar circumstances," and constitutes "matters that are within the everyday experience of the average juror." *Johnson [v. Trujillo,* (Colo.1999) ], 977 P.2d 152, 157–58.

*Serramonte*, 237 F.R.D. at 224 (quoting *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 632 (N.D. Cal. 1999)) (final citation added in *Serramonte*). The *Serramonte* plaintiff therefore "ha[d] not waived her right of privacy by asserting more than a garden-variety claim of emotional distress." *Serramonte*, 237 F.R.D. at 224; *see also Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995) (plaintiff's claim of "severe" emotional distress did not justify disclosing medical records).

The same result should obtain here. Allowing inquiry into Mr. Smith's medical records for the apparently ordinary emotional distress that he claims "would defeat the purpose of the [psychotherapist-patient] privilege." *Davis*, 7 Cal. App. 4th at 1016. "The privilege is too important to be brushed aside when the mental condition of the plaintiff may be only peripherally

involved." *Id.* at 1017 (quoting *Tylitzki v. Triple X Serv., Inc.*, 261 N.E.2d 533, 535-36 (Ill. App. 1970)). Especially considering that, in California law, the privilege is "interrelated" with, and indeed is "one aspect of the [constitutional] right of privacy," *see Davis*, 7 Cal. App. 4th at 1013, the court hesitates to open up Mr. Smith's medical records when his distress is not claimed to be unusually severe or analytically central to his claims.

The undersigned reached a similar decision in *Pathak v. Avis Rent A Car Sys., LLC*, 122 Fair Empl. Prac. Cas. (BNA) 175, 2014 WL 820065 (N.D. Cal. Feb. 28, 2014).

A few concluding remarks are needed. First, this case is closer than other situations in which courts have shielded mental-health records from discovery under California's psychotherapist-patient privilege and constitutional right to privacy. Viewing this case from subtly different angles suggests markedly different conclusions. From one perspective, as the defendant has well argued, the plaintiff's allegations of ongoing mental distress that kept him from getting a job seem to put his psychological well-being in issue — maybe especially when one considers that this touches upon his duty to mitigate damages. Turn the matter only slightly, though, to view this case from the perspective of California's strong constitutional privacy right, and its related evidentiary privilege, and one hesitates to open up the plaintiff's records to discovery. The court thinks that, ultimately, the weight of express constitutional inscription must prevail.

This does not mean that the plaintiff's mental health is completely immune from inquiry. This is the second closing remark. The defendant justly insists that, having sought emotional-distress damages, and apparently claiming ongoing psychiatric disability that has kept him from securing new employment, the plaintiff cannot at the same time stymie all questions into his mental health. The plaintiff's mental health undeniably plays a role here. *See Vinson*, 43 Cal. 3d at 838 ("[A] party who chooses to allege that he has mental and emotional difficulties can hardly deny his mental state is in controversy."). Perhaps especially, again, insofar as the plaintiff's claimed emotional distress intersects with his obligation to mitigate his damages. The defendant must be allowed to question the plaintiff about the nature and extent of his distress — consistent, obviously, with the plaintiff's right to withhold protected communications and records.

Finally, the court will hold the plaintiff to his assertion that he has suffered only the emotional

distress that "an ordinary person would likely experience in similar circumstances." (*See* ECF No. 44 at 3.) And, indeed, to all the disavowals he has made. (*See id.*) Should his claims later expand beyond the limits he has described, the court will entertain a renewed request to open attendant evidence to discovery. *Cf. Verma*, 2009 WL 1468720 at *2.

\* \* \*

## CONCLUSION

The court quashes the subpoena. At the hearing, the parties agreed that, because the plaintiff's medical records are already with the subpoena server, they should be delivered to plaintiff's counsel directly. Plaintiff's counsel must retain those records absent further order of the court.

This disposes of ECF No. 44.

**IT IS SO ORDERED**.

Dated: February 12, 2015

_____
LAUREL BEELER
United States Magistrate Judge