UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH SMITH, | No. 3:14-cv-0846-LB |
| Plaintiff, | |
| v. | **FINAL PRETRIAL ORDER** |
| EQUINOX HOLDINGS, INC., *et al.*, | |
| Defendants. | |

The court held pretrial conferences on July 17, 2015, and July 28, 2015, and issues this final pretrial order pursuant to Federal Rule of Civil Procedure 16(e). The parties' joint proposed pretrial order is adopted except as modified by this order.

**I. TRIAL DATE & LENGTH OF TRIAL**

A. The jury trial will begin on Thursday, July 30, 2015, in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The trial will last 5 days. The trial will be held Monday through Friday from 8:30 a.m. to 1:30 p.m. (or slightly longer to finish a witness), with one fifteen-minute break. Counsel must arrive at 8:15 a.m. to address any issues (such as objections) before the trial day begins. The first day may run a full day, and counsel must arrive by 9:30 a.m. (and may come earlier to set up). If the trial is not finished by Thursday, August 6, 2015 (and it should be), Friday, August 7, 2015 will be a dark day. The court will hold the charging conference at the end of the trial day on Wednesday, August 5, 2015.

B.  Each side has 15 hours to present the direct examination of its witnesses and to cross-examine the opposing party's witnesses, including all objections raised during the trial day. In addition, the parties each may make opening statements of up to one hour.

## II. PROCEDURE FOR EXHIBITS DURING TRIAL

Please refer to the court's 7/11/14 Pretrial Order for the proper procedures regarding the presentation of exhibits during trial. *See* ECF No. 27.[1]

## III. PROCEDURE FOR WITNESSES DURING TRIAL

Please refer to the court's 7/11/14 Pretrial Order for the proper procedures regarding the presentation of witness testimony during trial.

## IV. CLAIMS REMAINING AND EFFECT OF SUMMARY-JUDGMENT ORDER

The remaining claims (as summarized in the parties' proposed pretrial order) are as follows:

| # | Claim |
|---|---|
| 1 | Unlawful failure to pay overtime wages |
| 2 | Failure to provide meal periods |
| 3 | Failure to provide rest periods |
| 4 | Failure to provide accurate itemized wage statement |
| 5 | Failure to pay wages when due |
| 6 | Unfair business practices, Cal. Bus. & Prof. Code § 17200 |
| 7 | Wrongful Termination in violation of public policy |
| 8 | Defamation/Libel |

Claims one through six depend on Mr. Smith's root allegation that Equinox wrongly classified him as an exempt employee under California's labor laws and so denied him the various benefits (such as overtime pay and paid meal periods) that he would have been entitled to had he been classified as non-exempt. Claim seven under California's Unfair Competition Law likewise depends on the contention that Equinox treated him as an exempt employee. Equinox claims the affirmative defense for claims one through seven that Mr. Smith falls under the "executive exemption" and

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

previously sought summary judgment on claims one through seven on that ground. In ruling on the summary-judgment motion, the court found that there were no material, triable disputes on four of the six executive-exemption elements, specifically, that Mr. Smith: 1) managed a "customarily recognized department or subdivision" of Equinox; 2) customarily and regularly directed the work of two or more employees; 3) had authority to hire or fire employees, or that his suggestions on such matters were given "particular weight"; and 6) made more than twice California's minimum wage (a point that was undisputed (*see* ECF No. 49-1, ¶¶ 7-8). (4/10/15 Order, ECF No. 55 at 10-13.) The triable issues are whether Mr. Smith: 4) customarily and regularly exercises discretion and independent judgment; and 5) was "primarily engaged" in exempt work. (*Id.* at 13-16.)

The issue is whether the court's findings on elements 1, 2, 3, and 6 are "statements" under Civil Local Rule 56-3 that "constitute issues deemed established for purposes of the trial of the case." *See* Civil Local Rule 56-3. That was the court's intent. It ruled that there were no material facts in dispute for each element and said that there was "no triable issue." (*Id.* at 10-13.) By contrast, it reserved for the "trier of fact" the other two elements. (*Id.* at 13-16.) This narrowing of issues is appropriate: under Rule 56(a), "[a] party may move for summary judgment, identifying each claim or defense — *or the part of each claim or defense* — on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). If there is any ambiguity about whether the court's statements in its summary-judgment order decided the issues, the court now "specifies" that the "statements" are "issues deemed established for purpose of the trial of the case." *See* Civil Local Rule 56-3.

The court disagrees with the plaintiff's argument that this result is unfair because he focused his executive-exemption argument on the element about whether he was primarily engaged in exempt work. (Joint Statement, ECF No. 102 at 2.) Sometimes a nonmovant accepts a fact as true for purposes of a motion and focuses on an obvious genuine dispute that will defeat the summary-judgment motion. *See* Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment. That was not the case here. The plaintiff's opposition attacked five of the six elements, robustly and based on substantial evidentiary submissions. (Opposition, ECF No. 51; Tamura-Sato Decl., ECF No. 51-1; Smith Decl., ECF No. 51-5.) The court agreed with him on two elements, but it found no triable issues of fact on the other three elements that the plaintiff attacked (or on the fourth, undisputed

element that Mr. Smith made more than twice the minimum wage). (4/10/15 Order, ECF No. 55 at 10-16.) Indeed, the parties' joint statement of disputed facts recognizes this landscape, in that it identifies as disputed facts the two elements of the defense that the court ruled must be decided by the jury. (*Compare* Proposed Order, ECF No. 55 at 13 *with* 4/10/15 Order, ECF No. 55 at 10-13.)

## V. PLAINTIFF'S MOTIONS IN LIMINE

For the reasons stated on the record and below, the court rules as follows:

**1. Motion to testimony that differs from Rule 30(b)(6) testimony. (ECF Nos. 74, 83.)**

The court denies the motion. The answers given were not judicial admissions. The areas of inquiry about Mr. Smith's termination are factual. Some individuals are on the witness list for rebuttal or impeachment purposes only.

**2. Motion to exclude witnesses and evidence. (ECF Nos. 75, 84.)**

The court denies the motion. Equinox represented that it listed the additional witnesses as potential rebuttal witnesses only. The court resolved the evidentiary issues exhibit by exhibit on the record for all exhibits. The parties withdrew certain exhibits. The court overruled the plaintiff's other objections on the grounds that 1) the disclosures were timely under Rule 26(a)(3)(B) and otherwise were appropriately supplemented under Rule 26(e), 2) the parties resolved the issues regarding custodial authentication, 3) the exhibits are relevant and the objections go to weight, not admissibility, and 4) the emails contain party admissions admissible against the party and otherwise are context and not offered for the truth. The plaintiff withdrew his objections to the photographs at Exhibits 251 to 256. For Exhibit 215, Equinox will eliminate the material at the top (as discussed on the record). For Exhibit 208, only the cover page will be admitted. The parties will update the exhibit binders and submit an updated exhibit list.

**3. Motion to exclude cumulative testimony. (ECF Nos. 76, 85.)**

The court denies the motion. Equinox pared down its witness list. The court imposed time limits. The court does not expect cumulative trial testimony.

**4. Motion to exclude transactional data in summary exhibit. (ECF Nos. 77, 86.)**

The court denies the motion to exclude transactional data for lack of prejudice. The parties resolved the authentication issue. The summary exhibit is appropriate. *See* Fed. R. Evid. 1006.

FINAL PRETRIAL ORDER (No. 3:14-cv-00846-LB)   4

**5. Motion to exclude evidence of any collateral source. (ECF Nos. 78, 87.)**

The court grants the unopposed motion to exclude unemployment payments.

**6. Motion to preclude Equinox from mentioning recovery of fees and costs. (ECF No. 79.)**

Equinox did not oppose the motion. The court grants it.

## VI. DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LOST WAGES (ECF Nos. 63, 91.)

For the reasons stated on the record and in Mr. Smith's opposition, the court denies the motion in limine. The court cannot decide the issue as a matter of law.

## VII. WITNESSES AND DEPOSITIONS

The parties may call the witnesses listed in their witness lists at ECF Nos. 97 and 98.

## VIII. EXHIBITS AND STIPULATIONS

As discussed above in the section on the motions in limine, the court ruled on all objections to the exhibits. The remaining exhibits will be admitted into evidence, subject to the limitations about emails described above. The parties must confer about the undisputed facts identified in their proposed pretrial order to reach any stipulations (as discussed on the record).

## IX. QUESTIONNAIRES

The court will use the parties' joint proposed questionnaire.

## X. TRIAL

At the end of each trial day (generally, by 2:00 p.m.), counsel must give notice of the order of proof (meaning, the order of witnesses and the exhibits, including illustrative exhibits) for the next trial day. The parties must notify the court of any issues by the end of the day so that the court can resolve them. The plaintiff will be calling hostile witnesses, which means that Equinox's "cross-examination" will be its direct examination. Given this context, counsel must provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).

**IT IS SO ORDERED.**

Dated: July 28, 2015

LAUREL BEELER
United States Magistrate Judge

Case 3:14-cv-00846-LB   Document 114   Filed 07/28/15   Page 6 of 6